**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 10-00998 VAP (OPx)                              Date: August 9, 2010

Title:   GMAC MORTGAGE, LLC FKA GMAC MORTGAGE CORPORATION, ITS SUCESSORS AND/OR ASSIGNS -v- LOUIS BOUWER AND ILZE BOUWER

===============================================================
PRESENT:   HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
| None | None |

PROCEEDINGS:   MINUTE ORDER REMANDING ACTION TO CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO (IN CHAMBERS)

    On June 21, 2010, Plaintiff GMAC Mortgage, LLC ("Plaintiff") filed a complaint for unlawful detainer ("Complaint") against Defendants Louis Bouwer and Ilze Bouwer (collectively, "Defendants"). On July 7, 2010, Defendants removed the action to this Court on the basis of federal question and diversity jurisdiction, 28 U.S.C. §§ 1331, 1332. (<u>See</u> Not. of Removal at 2.)

    Removal jurisdiction is governed by statute. <u>See</u> 28 U.S.C. §1441. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." <u>Gaus v.</u>

EDCV 10-00998 VAP (OPx)
GMAC MORTGAGE v. LOUIS BOUWER and ILZE BOUWER
MINUTE ORDER of August 9, 2010

Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman--Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction").

Defendants allege one basis for removal is federal question jurisdiction, 28 U.S.C. § 1331, because the claims involve questions of standing and due process under the federal constitution. (See Not. of Removal, at 2.) From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint). Accordingly, Defendants have not shown the Court's jurisdiction based on federal question, 28 U.S.C. § 1331.

Defendants also allege removal is proper on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (See Not. of Removal at 2.) Upon review of the Complaint and the Notice of Removal, however, the Court finds no basis for diversity jurisdiction. While the parties appear diverse -- Defendants are California citizens and Plaintiff is headquartered in Pennsylvania and incorporated in Delaware -- Defendants have not met their burden of establishing that the amount in controversy requirement is satisfied. Defendants do not explain how a case, filed by Plaintiff as one where damages are no more than $10,000, could be valued at $75,000 to meet the statutory requirements for diversity jurisdiction. See 28 U.S.C. § 1332.

Accordingly, Defendants have not met their burden of establishing that the case is properly in federal court. See Gaus, 980 F.2d at 566. Thus, the Court REMANDS the action to the Superior Court for the County of San Bernardino.

**IT IS SO ORDERED.**